11-569-ag
Shi v. Holder

BIA
A077 341 580

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

JI ZU SHI, A.K.A. HIROKO KAJI,
    *Petitioner,*

    v.                                      11-569-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Derek C. Julius, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ji Zu Shi, a native and citizen of the People's Republic of China, seeks review of a January 28, 2011, order of the BIA denying his motion to reopen. *In re Ji Zu Shi a.k.a. Hiroko Kaji*, No. A077 341 580 (B.I.A. Jan. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA denied Shi's motion on the grounds that it was untimely and because he failed to demonstrate his *prima facie* eligibility for asylum.

An individual ordinarily may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Shi does not dispute that his motion was untimely, but argues that he has demonstrated materially changed country conditions to excuse the time limitation. However, even if changed conditions are

2

demonstrated, a motion to reopen proceedings shall not be granted unless it appears to the Board that a movant has established a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In order to establish *prima facie* eligibility for relief, an "alien must show a realistic chance that [he] will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). In order to establish eligibility for asylum based on future persecution, an applicant must show "that [he] subjectively fears persecution and that this fear is objectively reasonable.". *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Accordingly, Shi was required to establish a realistic chance that he would be able to demonstrate an objectively reasonable fear of persecution if his proceedings were reopened.

The BIA reasonably denied Shi's motion to reopen, concluding that he did not provide "sufficient evidence that convincingly establishe[d] that he would be targeted for harm on account of his religion." An applicant can demonstrate an objectively reasonable fear of persecution "by offering evidence that [he] would be singled out

3

individually for persecution; and second, by proving the existence of a pattern or practice in [his] country of nationality of persecution of a group of persons similarly situated to [him] and establishing [his] own inclusion in, and identification with, such a group." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). Shi failed to argue before the BIA a pattern and practice of persecution of returning Mormon Chinese nationals by the Chinese government. Accordingly, we decline to consider this argument which he raises before us in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (petitioners must have raised before the BIA the specific issues they raise before this Court).

Having failed to exhaust a pattern and practice argument, Shi was required to demonstrate a realistic chance that he would be able to demonstrate that he would be targeted for harm if returned to China. The BIA reasonably concluded he failed to make such a showing. *See Hongsheng Leng*, 528 F.3d at 142. The documents Shi submitted in conjunction with his motion to reopen, including evidence of membership in the Church of Jesus Christ of Latter-day Saints ("LDS"), induction into the "Aaronic Priesthood," and

4

photographs of himself outside of an LDS church, and background material on the Chinese government's treatment of LDS members, failed to demonstrate whether the Chinese government is aware of his conversion to the LDS or that it would likely become aware of such conversion. Absent such a showing, the BIA reasonably found that Shi failed to establish *prima facie* eligibility for relief. The Board thus did not abuse its discretion in denying Shi's motion. *See* Abudu, 485 U.S. 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5